# Corrigan *v.* Cambridge Mutual Beneficial Association, Appellant.

*Insurance—Life insurance—Signature to application—Estoppel.*

Where an application for life insurance is signed by the beneficiary, and not by the applicant, and the officers of the association, with full knowledge of the irregularity* in the signature, issue a policy of insurance on the application, the company will thereafter be estopped from denying the validity of the policy on the ground of the irregularity in the signature.

Argued Nov. 22, 1906. Appeal, No. 209, Oct. T., 1906, by defendant, from judgment of C. P. Delaware Co., Dec. T., 1904, No. 111, on verdict for plaintiff in case of Julia Corrigan v. Cambridge Mutual Beneficial Association. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit on a policy of life insurance. Before JOHNSON, P. J.

The facts are stated in the opinion of the Superior Court.

The court refused binding instructions for defendant.

Verdict and judgment for defendant for $190.53. Defendant appealed.

18 CORRIGAN *v.* CAMBRIDGE MUT. B. ASSN., Appellant.

*Error assigned* was in refusing binding instructions for defendant.

*John E. McDonough*, for appellant, cited : Murphy v. Prudential Ins. Co., 30 Pa. Superior Ct. 560.

*O. B. Dickinson*, with him *J. C. Taylor*, for appellee, cited : Cumberland Valley Mut. Protection Co. v. Schell, 29 Pa. 31.

OPINION BY ORLADY, J., February 25, 1907 :

The defense in this case is based upon a technicality which is wholly without merit. The person whose life was proposed for insurance was John Corrigan, a laborer, who had been importuned to take this insurance by one O'Donnell, a representative of the company, and to whom Corrigan gave, for O'Donnell to take down, his age, name, residence, where born, etc.; O'Donnell took with him the application with the statement that he " would fix it all himself " and later sent the policy to the beneficiary. The application is dated December 8th, 1902, and the policy was issued December 22d following. The beneficiary in both is Julia Corrigan, wife of the insured. The weekly dues were regularly paid by the beneficiary and accepted by the company for eighteen months, when the insured died. The application is signed " Julia Corrigan " and under her name there is printed " applicant's mark not accepted if able to write," and at the right hand margin " signature of the applicant to be made by the person proposed if 13 years old next birthday or over, but if younger by the parent or guardian." The signature " Julia Corrigan " is witnessed by W. H. Taylor, who also signs a certificate as agent, in the following form : " I certify that I have this 8th day of December 1902 personally seen and questioned the applicant herein named, and I recommend the society to accept the risk." The application shows on its face the following indorsements : " Asst. Supt. ' J. O'Donnell,' for office use, examined by ' J. O. D ';" "For office use approved by ' R. S. M.' " It was admitted that Dr. R. S. Maison was the secretary of the association. Neither the certificate nor the by-laws printed thereon require the application to be signed by the applicant.

The trial in the court below opened with the following admission, " it is agreed between counsel that the insured was in

good standing at the time of his death, and that the By-laws of the association have been complied with with respect to the conditions precedent to the commencement of suit." The application, if in any manner irregular as to the signature, was approved after it had been examined by the proper officers of the company, the policy was issued pursuant to that approval, and the dues were regularly paid thereunder. The answers in the application were in fact made by the applicant and it was signed by the beneficiary instead of by the applicant under the direct supervision of the agent of the company. The defendants contended that the marginal fine type notice on the application required the actual signature of the insured to validate it. In the light of the facts this must be considered as waived by the company, by the approval of J. O'Donnell, the assistant superintendent, and by Robt. S. Maison, who signed the policy as secretary, and issued it with full knowledge of the alleged irregularity, else it would appear to be conclusive that these officials deliberately arranged for this defense to entrap the insured, and subsequently received the dues during the applicant's life.

It is quite true that the only safeguard such organizations have from imposition and fraud is through rigid compliance with their constitution and by-laws; to which it may be pertinently added that in a large measure the only safeguard the members have is through the fair dealing of the agents and officers of the organization in calling the attention of applicants to such alleged irregularities, instead of sealing them with their approval until death has closed the lips of the party who could best explain the reason for the substituted name. To admit that the insured was in good standing in the company at the time of his death is inconsistent with the defense here set up, which went to the very foundation of his membership. The plaintiff did not seek to reform or contradict the contract, but relied upon it as having been secured and approved by the company, and asserted that her name, as beneficiary, was substituted for the applicant's with full knowledge of the officials of the company, as equivalent to the actual signature of the applicant who personally had made true answers to all questions asked of him.

The assignments of error are overruled and the judgment is affirmed.